IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MONISOLA A. ADEYEMO, ET AL.   :

             :

 v.          :   Civil Action No. DKC 12-0874

             :

JOHN F. KERRY, ET AL.     :

             :

**MEMORANDUM OPINION**

Presently pending and ready for review in this immigration case is the motion to dismiss filed by Defendants John F. Kerry and Joseph D. Strafford, III (ECF No. 11).[1]  The issues have been fully briefed, and the court now rules, no hearing being deemed necessary.  Local Rule 105.6.  For the following reasons, the motion to dismiss will be granted.

**I.   Background**

The complaint alleges the following facts.  Plaintiffs Monisola Adeyemo and Juliana Ogunlusi are sisters.  Adeyemo is a U.S. citizen and resides in Maryland; Ogunlusi is a Nigerian citizen and resides there.  In June 1998, Adeyemo petitioned the Immigration and Naturalization Service to classify Ogunlusi as a sister of a U.S. Citizen, so that she could obtain an immigrant visa.  This petition was approved, and in November 2008,

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the current Secretary of State, John F. Kerry, has been substituted for former Secretary Hillary Rodham Clinton.

Ogunlusi applied for an immigrant visa with the U.S. Department of State.  She was interviewed at the U.S. Consulate in Lagos, Nigeria.  Included in Ogunlusi's application were the names of her three children, with whom she intended to immigrate.  The consular officer required Ogunlusi and her children to submit to a DNA test to verify their familial relationship.  The results excluded Ogunlusi as the biological mother of one of the children.  Plaintiffs allege, however, that Ogunlusi raised the excluded child from birth as her own and was completely unaware of the possibility that the child might not be her biological child.

On January 26, 2012, Ogunlusi's visa application was denied.  The consular officer concluded that she was ineligible because she qualified as a smuggler under the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(6)(E)(i).[2]

Plaintiffs filed a complaint with this court on March 21, 2012, seeking to set aside the consular officer's decision. (ECF No. 1).  Defendants filed a motion to dismiss on June 21, 2012, which Plaintiffs opposed (ECF No. 14).  Defendants filed a reply.  (ECF No. 15).

---

[2] This statute provides:  "Any alien who at any time knowingly has encouraged, induced, assisted, abetted, or aided any other alien to enter or to try to enter the United States in violation of law is inadmissible."  8 U.S.C. § 1182(a)(6)(E)(i).

## II.  Standard of Review

Defendants argue that this court does not have subject matter jurisdiction over Plaintiffs' claims.  Plaintiffs bear the burden of proving that subject matter jurisdiction properly exists in federal court.  *See Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999).  In considering a Rule 12(b)(1) motion, the court "may consider evidence outside the pleadings" to help determine whether it has jurisdiction over the case before it.  *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991); *see also Evans*, 166 F.3d at 647.  The court should grant such a motion "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Richmond*, 945 F.2d at 768.

## III. Analysis

Although Defendants have framed their argument in terms of "subject matter jurisdiction," the issue is more aptly concerned with whether normal subject matter jurisdiction is overcome by the doctrine of consular nonreviewability.  This subtle difference was discussed in *Am. Acad. of Religion v. Napolitano*, 573 F.3d 115, 123 (2[d] Cir. 2009):

> The Supreme Court has cautioned that the term "jurisdiction" is often used imprecisely, *see Kontrick v. Ryan*, 540 U.S. 443, 454-55 (2004). We do not believe that traditional subject matter jurisdiction is

lacking in this case. The Plaintiffs allege that the denial of Ramadan's visa violated their First Amendment rights, and subject matter jurisdiction to adjudicate that claim is clearly supplied by 28 U.S.C. § 1331. *See Abourezk v. Reagan*, 785 F.2d 1043, 1050 (D.C.Cir. 1986) ("The district court had subject matter competence in this case [involving visa denials] under both its general federal question jurisdiction, see 28 U.S.C. § 1331 (1982), and its specific jurisdiction over claims arising under the Immigration and Nationality Act, see 8 U.S.C. § 1329 (1982) [repealed]"), *aff'd by an equally divided court*, 484 U.S. 1 (1987); *Burrafato v. U.S. Dep't of State*, 523 F.2d 554, 557 (2$^d$ Cir. 1975) (noting that [*Kleindienst v.*] *Mandel* [408 U.S. 753 (1972)] considered "an alleged violation of First Amendment rights of American citizens over which the federal courts clearly had jurisdiction") (emphasis added). Perhaps the doctrine of consular nonreviewability, where applicable, means that the generally available federal question jurisdiction provided by section 1331 to adjudicate First Amendment claims is withdrawn where the claim is based on a consular officer's denial of a visa, or that prudential considerations, perhaps arising from separation of powers concerns, counsel against exercising normally available jurisdiction.

Regardless of its label, the doctrine of consular nonreviewability prohibits judicial review of a consular officer's decision to grant or deny a visa to foreign nationals. *See, e.g., U.S. ex rel. Knauff v. Shaughnessy*, 338 U.S. 537, 543 (1950) (finding that "it is not within the province of any court, unless expressly authorized by law, to review the determination of the political branch of the Government to

exclude a given alien"); *Onuchukwu v. Clinton*, 408 F. App'x 558, 560 (3[d] Cir. 2010) (per curiam) (unpublished); *Bustamante v. Mukasey*, 531 F.3d 1059, 1060-61 (9th Cir. 2008); *Saavedra Bruno v. Albright*, 197 F.3d 1153, 1159-60 (D.C.Cir. 1999); *Adams v. Baker*, 909 F.2d 643, 649 (1st Cir. 1990); *Centeno v. Shultz*, 817 F.2d 1212, 1213-14 (5th Cir. 1987) (per curiam); *Schutz v. Sec'y, Dep't of State*, No. 6:11-cv-1296-Orl31DAB, 2012 WL 275521, at *1 (M.D.Fla. Jan. 31, 2012); *Romero v. Consulate of U.S., Barranquilla, Colombia*, 860 F.Supp. 319, 322, 324 (E.D.Va. 1994).  "Importantly, the doctrine of nonreviewability of consular officers' visa determinations is essentially without exception." *Romero*, 860 F.Supp. at 322.

Plaintiffs argue that the doctrine of consular nonreviewability does not apply because the complaint raises allegations that the rights of Adeyemo, a U.S. citizen, were violated by the consular officer's decision.  The Fourth Circuit has not addressed the issue, but other circuits have found a limited exception to the doctrine of consular nonreviewability where a U.S. citizen asserts a violation of a constitutional right.[3]  *See, e.g.*, *Am. Acad. of Religion*, 573 F.3d at 125

---

[3] Judicial review in such a case was first described in *Mandel*, 408 U.S. 753.  Because "Congress has delegated conditional exercise" of its "plenary . . . power to make policies and rules for exclusion of aliens" to the executive branch, the United States Supreme Court has held that judicial

(concluding that "where a plaintiff, with standing to do so, asserts a First Amendment claim to have a visa applicant present views in this country, we should apply *Mandel* to a consular officer's denial of a visa"); *Bustamante*, 531 F.3d at 1061 (noting that "courts have identified a limited exception to the doctrine [of consular nonreviewability] where the denial of a visa implicates the constitutional rights of American citizens") (citations omitted); *Saavedra Bruno*, 197 F.3d at 1163-64 ("Judicial review was proper . . . when United States sponsors of a foreign individual claim that the State Department's denial of a visa to an alien violated their constitutional rights").

Defendants point out that this exception is limited, and applies only where a plaintiff actually alleges a constitutional violation in his or her complaint.   The complaint does not allege that Adeyemo's constitutional rights were violated.   This argument is first raised in her opposition:   "Ms. Adeyemo, as a U.S. citizen, has a protected liberty interest in her family life protected under the Due Process Clause."  (ECF No. 14-1 at 8).   Such a claim, raised for the first time in Plaintiffs'

---

review of consular decisions to deny visa applications is significantly circumscribed. *Id.* at 770. The consular decision need only be based on "a facially legitimate and *bona fide* reason." *Id.; see also Bustamante*, 531 F.3d at 1062 (affirming visa denial because consular officer's reasoning was both facially legitimate and *bona fide* under *Mandel* inquiry). Where such a reason is given, courts will not "look behind the exercise of that discretion." *Mandel*, 408 U.S. at 770.

opposition to a dispositive motion, is not properly before the court.[4]

Furthermore, it appears that, even if the complaint had raised this claim, it would not survive a motion to dismiss under rule 12(b)(6).   The Due Process Clause of the Fifth Amendment provides certain substantive rights, including "[f]reedom of personal choice in matters of marriage and family life."   *Bustamante*, 531 F.3d at 1062 (upholding visa denial under *Mandel* where U.S. citizen brought constitutional claims when alien husband was denied a visa).   The Fourth Circuit's willingness to acknowledge this right is limited and does not extend to familial association with one's siblings.   *See Shaw v. Stroud*, 13 F.3d 791, 805 (4th Cir. 1994) (refusing "to recognize a substantive due process claim arising from the deprivation of the love and support of a family member") (citations omitted); *Kangalee v. Baltimore City Police Dep't*, No. 12-1566, 2012 WL

---

[4] The allegations of the complaint relate solely to the alleged error of the consular official and Ogunlusi's inability to challenge his decision at the consular level.   To the extent that the complaint alleges violations of Ogunlusi's constitutional rights, they will not be reviewed because she is a "non-admitted, not-physically present alien."   *Ramirez v. Clinton*, No. 12-252, 2013 WL 227732, at *4 (E.D.N.C. Jan 22, 2013) (invoking doctrine of consular nonreviewability to deny judicial review of permanent resident's alien son's visa denial because, *inter alia*, son has no constitutionally protected rights).   As an unadmitted, offshore alien, Ogunlusi has no standing to challenge the denial of her entry.

5457231, at *6 (D.Md. Nov. 7, 2012) (refusing to acknowledge substantive due process claims for loss of familial association with brother); *Williard v. City of Myrtle Beach, SC*, 728 F.Supp. 397, 400 (D.S.C. 1989) (concluding that parents' right to liberty interest in familial association is usually only available where they have "alleged a *permanent, physical* loss of association with their child due to unlawful state action") (emphasis in original); *see also Jathoul v. Clinton*, 880 F.Supp.2d 168, 172 (D.D.C. 2012) (dismissing complaint challenging consular decision to deny citizen's alien husband a visa where citizen lacked liberty interest in living in United States with her spouse).

Moreover, to be viable, any such claim would have to allege that Defendants lacked a good faith basis for denying the visa. As set forth in Bustamante, 531 F.3d at 1062:

> under *Mandel*, a U.S. citizen raising a constitutional challenge to the denial of a visa is entitled to a limited judicial inquiry regarding the reason for the decision. As long as the reason given is facially legitimate and bona fide the decision will not be disturbed. 408 U.S. at 770.

Plaintiffs do not challenge the accuracy of the DNA tests or the good faith reliance on them to deny the visa as an alien smuggler. Rather, they only claim that Ogunlusi herself believed in good faith that the child was her biological child.

8

**IV.  Conclusion**

For the foregoing reasons, the motion to dismiss filed by Defendants John F. Kerry and Joseph D. Strafford, III, will be granted.  A separate order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge